IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUDY BAGGETT,
    Plaintiff,

vs.                                    Case No.: 3:10cv447/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the court upon Plaintiff's "Application for Attorney Fee Under the Equal Access to Justice Act" ("EAJA") (Doc. 20) and a response thereto filed by Defendant Michael J. Astrue (hereafter, "the Commissioner") (Doc. 21).  Plaintiff seeks an award of EAJA fees, payable to her (<u>not</u> her attorney), in the total amount of $1,288.60 (Doc. 20 at 1, 2).  The Commissioner states he has no objection to any aspect of Plaintiff's motion (*see* Doc. 21).

●     <u>Eligibility for Award of Fees</u>

       The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided:  1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(l)(A), (B).

       In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA.  In the instant case, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 17, 18).  Moreover, Plaintiff's application for fees was timely filed, the Commissioner's position was not substantially justified, and the Commissioner agrees that fees should be paid in this case.  Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff seeks compensation for 2.0 hours of work performed on her behalf by her attorney in 2010 at an hourly rate of $175.00 ($350.00) and 5.2 hours of work performed in 2011 at an hourly rate of $180.50 ($938.60). Although Plaintiff thus seeks an award based in part upon hourly rates higher than $125.00, this court concludes that amounts greater than $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). The court also concludes that the hours expended by counsel on Plaintiff's behalf (i.e., 7.2 hours) are reasonable. Accordingly, an award in the amount of $1,288.60 is appropriate.

- Whether Fee is Payable to Plaintiff or his Counsel

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. Ratliff, 130 S. Ct. at 2528–29. The award, therefore, is properly payable to Plaintiff (as she has requested).

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Application for Attorney Fee Under the Equal Access to Justice Act (Doc. 20) be **GRANTED** as follows:

> Plaintiff, Judy Baggett, shall recover fees in the amount of $1,288.60, for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA). The United States forthwith shall issue a check payable directly to Ms. Baggett.

At Pensacola, Florida, this 26th of July 2011.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**