IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUDY BAGGETT,
    Plaintiff,

vs.                                          Case No.: 3:10cv447/MCR/EMT

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's "Unopposed Motion for Attorney Fees under the Social Security Act, 42 U.S.C. [§] 406(b)" (doc. 24) and Defendant's response thereto (doc. 26).

I.    BACKGROUND

In 2006, Plaintiff initiated a related action in this court seeking judicial review of the Commissioner's final decision denying her claim for disability benefits. The Commissioner filed a Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g), which motion was granted and the case was remanded for further administrative proceedings. Plaintiff's counsel then filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), which motion was granted, and counsel was awarded $1,500.00 in EAJA fees. *See* Baggett v. Astrue, No. 3:06cv271/LAC/EMT (N.D. Fla.).

Further administrative proceedings were conducted following the remand in Case No. 3:06cv271, and after conducting such proceedings the Commissioner again denied Plaintiff's claim for benefits. Thus, on November 2, 2010, Plaintiff initiated the instant action by filing a complaint for judicial review of the Commissioner's (second) final decision denying her claim for disability benefits (doc. 1). On April 21, 2011, the Commissioner again filed a Motion to Remand pursuant to sentence four of § 405(g) (doc. 16). The Commissioner stated that remand was appropriate to enable an Administrative Law Judge to "obtain [a] missing exhibit" and "offer Plaintiff a supplemental hearing, take any further action necessary to complete the administrative record, and issue a new

decision" (doc. 16-1 at 1).[1] On May 3, 2011, the undersigned issued a Report and Recommendation, recommending that the Commissioner's motion be granted, the decision of the Commissioner denying benefits be reversed, and the case be remanded to the Commissioner for further administrative proceedings (doc. 17). On June 6, 2011, the district court entered an order adopting in full the Report and Recommendation (doc. 18). On July 6, 2011, Plaintiff's counsel filed a motion for attorney's fees under the EAJA, which motion was granted, and Plaintiff was awarded EAJA fees in the amount of $1,288.60 (*see* docs. 20, 22, 23).[2]

      In the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel states that following remand of the instant case, and pursuant to the district court's order, additional administrative proceedings were conducted, which ultimately resulted in a decision fully favorable to Plaintiff (*see* doc. 24 & Exs.). More specifically, counsel notes that in a "Notice of Award" dated February 10, 2014, Plaintiff was informed that she is entitled to disability insurance benefits ("DIB") commencing in April 2001 (doc. 24-1 at 2). The notice further indicates that $10,054.50 is being withheld from Plaintiff's DIB award by the Commissioner's Office of Central Operations, in anticipation of direct payment of an authorized attorney's fee (doc. 24 at 2 & n.2; doc. 24-1 at 3). Counsel explains that although the Notice of Award does not actually state the total amount of Plaintiff's past due DIB benefits, it indicates that the amount withheld (i.e., $10,054.50) is 25% of her past due benefits; therefore, the total amount of her past due DIB benefits must be $40,218.00 (doc. 24 at 2 n.2).[3] Additionally, Plaintiff was awarded $30,964.23 in past due Supplemental Security Income benefits ("SSI"), and the Commissioner withheld 25% of that award, or $7,741.06 (doc. 24-1 at 1). Thus, counsel seeks an award of fees under § 406(b) in the total amount of $17,795.55, which

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[2] The first EAJA award was awarded to Plaintiff's counsel. The second EAJA award was awarded directly to Plaintiff, in light of the decisions issued in Astrue v. Ratliff, 130 S. Ct. 2521 (2010) and Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), both of which issued after the first EAJA award was made to Plaintiff's counsel in 2007. Additionally, with regard to the second EAJA award, Plaintiff's counsel specifically noted that the award would be "fully paid" to Plaintiff (*see* doc. 20 at 2).

[3] Counsel is correct in noting that 25% of $40,218.00 is $10,054.50.

Case No.: 3:10cv447/MCR/EMT

is 25% of Plaintiff's combined award of past due DIB and SSI benefits (*see* doc. 24 at 3).[4]  In requesting this award, counsel notes that he provided approximately 19.2 hours of attorney services in representing Plaintiff in this court in her—ultimately successful—claims for benefits (*id.*; *see also* doc. 24-4).

Continuing, Plaintiff's counsel notes that this court "has awarded Plaintiff a total of $2,788.60" in attorney's fees under the EAJA (i.e., $1,500 in Case No. 3:06cv271, and $1,288.60 in the instant case), and he notes that when an attorney is awarded fees under the EAJA and § 406(b) the attorney must refund the smaller of the two fees to the claimant (doc. 24 at 2–3).  He further states if he is awarded the fees he seeks here under § 406(b), he will refund to Plaintiff the previously awarded EAJA fees (i.e., $2,788.60) (doc. 24 at 9).

II.     ANALYSIS

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406.  The EAJA allows for an award of attorney fees against the United States when the party seeking fees is the prevailing party in a civil action brought against the United States.  28 U.S.C. § 2412.  Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds.  McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court.  "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits.  Section 406(a).  If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00.  Gisbrecht, 535 U.S. at 795.  For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of

---

[4] The DIB award ($40,218) plus the SSI award ($30,964.23) equals $71,182.23, and 25% of $71,182.23 is $17,795.56 (counsel requests one cent less).

25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. *See* § 406(b)(1)(A); *see also* Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) ("Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court.").

In Gisbrecht, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* The Gisbrecht Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving

$350). Additionally, the undersigned notes that cases in this district have resulted in similar awards. *See, e.g.*, Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (docs. 26, 27)); White v. Barnhart, Case No. 3:02cv78/LAC/MD (approving $741.81 on February 9, 2005 (docs. 32, 33)). Moreover, in another case in this district, the court reduced a requested fee, but still awarded a fee based on an effective hourly rate of $1,250.00, in a case in which plaintiff prevailed in this court, but on a issue identified by the magistrate judge, not by counsel. Lindsey v. Barnhart, Case No. 3:99cv475/RV/MCR (N.D. Fla. 2003).

In the instant case, Plaintiff's counsel states that the amount he seeks does not exceed the maximum recovery permitted under the terms of § 406(b) and is consistent with the terms of the fee agreement he entered into with Plaintiff. Moreover, counsel asserts, the amount he seeks to recover is reasonable, even though it results in a de facto hourly rate of approximately $782.00 ($17,795.55 - $2,788.60 (total EAJA award) = $15,006.95; $15,006.95/19.2 (hours) = $781.61) (*see* doc. 24 at 8). In support of his assertion, counsel notes that he spent nearly twenty hours litigating Plaintiff's case in this court over a period of five years, that Plaintiff's case involved a relatively long procedural history, and that his efforts ultimately resulted in a favorable result for Plaintiff and a sizable award (*see generally* doc. 24). Finally, counsel notes that he did not needlessly delay the proceedings in this case and that the Commissioner does not contest the amount he seeks (*id.*; *see also* doc. 26 (Commissioner's response to Plaintiff's motion, indicating no objection)). Finally, as previously noted, counsel states he will refund the EAJA award to Plaintiff and thus requests the maximum award under § 406(b) (i.e., 25% of Plaintiff's past due benefits).

III. CONCLUSION

The undersigned, after conducting an independent determination (*see* Gisbrecht, 535 U.S. at 807), agrees with Plaintiff's counsel and finds that the fee he seeks under Section 406(b) is reasonable (a finding that is bolstered by the Commissioner's lack of objection to the amount requested (*see* doc. 26)). The fee requested by Plaintiff's counsel is indeed the fee contemplated in the fee agreement he made with Plaintiff and, while high, is in line with other reported post-Gisbrecht decisions. Moreover, there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. Furthermore, there is no allegation of undue delay by Plaintiff's counsel, and he has represented Plaintiff for some time, during which he assumed a risk that he would recover no fee for his services. Additionally, the court cannot fault the character of the

representation provided by counsel in this case, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff. In short, the court is persuaded that Plaintiff's counsel has met his burden of showing that his request for $17,795.55 in attorney's fees is reasonable. Therefore, counsel should be awarded this amount pursuant to Section 406(b), and the previously awarded EAJA fees should be refunded to Plaintiff.[5] *Cf.* Jackson, 601 F.3d at 1271–72 (finding error in district court's conclusion that the EAJA's Savings Provision required it to award counsel the full 25% of Jackson's past-due benefits and required it to order counsel to refund the EAJA fee to Jackson, noting that the "court could have simply awarded [counsel] the difference between 25% of Mr. Jackson's past-due benefits and the amount of the EAJA fee," as counsel had requested).

Accordingly, it is respectfully **RECOMMENDED**:

1. That the "Unopposed Motion for Attorney Fees under the Social Security Act, 42 U.S.C. [§] 406(b)" (doc. 24) be **GRANTED**.

2. That Plaintiff's counsel, John M. Pennington, be awarded attorney's fees in the amount of $17,795.55, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits.

3. That upon receipt of attorney's fees pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel, John M. Pennington, shall immediately refund to Plaintiff any or all of the previously awarded EAJA fees that have not already been refunded to Plaintiff.

---

[5] As noted *supra*, the first EAJA award in the amount of $1,500 was awarded directly to Plaintiff's counsel. The second EAJA award in the amount of $1,288,60 was awarded directly to Plaintiff, and counsel indicated that Plaintiff would indeed receive that amount in full. In the instant motion, however, counsel states he will "refund to Plaintiff the EAJA fee previously paid to Plaintiff's counsel in the amount of $2,788.20" (doc. 24 at 9). It is thus unclear whether any of the total EAJA award has previously been refunded to Plaintiff. To the extent none has been refunded, counsel must refund to Plaintiff the total EAJA award upon receipt of the § 406(b) award. To the extent a portion of the total EAJA amount has previously been refunded to Plaintiff, counsel must refund to Plaintiff the balance of the total EAJA award upon his receipt of the § 406(b) award. This directive is consistent with counsel's choice to refund the EAJA award to Plaintiff rather than deduct the amount of the EAJA award from his instant § 406(b) fee request. *See* Jackson, 601 F.3d at 1274 ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.")

At Pensacola, Florida, this 25<u>th</u> day of March 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**